UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| SHAWON HICKMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-283-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Inmate Shawon Hickman has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the enhancement of his federal sentence. [Record Nos. 1, 4] The Court now conducts an initial screening of Hickman's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). As explained more fully below, the Court will deny the petition because Hickman may not assert his claims under § 2241 and because they are without merit.

Hickman was indicted in June 2007 by a federal grand jury in Louisville, Kentucky, for conspiracy to possess with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), and 846. In August 2008, Hickman signed a written agreement to plead guilty to the offense and in which he acknowledged the potential applicability of the career offender enhancements under 21 U.S.C. § 841(b)(1)(A) and under the United States Sentencing Guidelines. The United States agreed not to file a § 851 notice, which would have increased Hickman's guideline range to 262 to 327 months imprisonment. However, Hickman remained subject to the career offender enhancement under § 4B1.1 of the sentencing

-1-

guidelines because he had one prior conviction for first degree assault under KRS § 508.010 and two prior convictions for trafficking in a controlled substance under KRS § 218A.1412. The plea agreement further provided that Hickman:

> … knowingly and voluntarily waive[d] the right (a) to directly appeal his conviction … and (b) to contest or collaterally attack his conviction *and the resulting sentence* pursuant to 28 U.S.C. § 2255 *or otherwise* on any grounds whatsoever, including ineffective assistance of counsel.

(emphasis added).

The trial court sentenced Hickman in November 2008 to 188 months' of imprisonment (the bottom of the guideline range). That range was calculated, in part, based on the parties' agreed-upon determination that Hickman's prior convictions rendered him a "career offender" pursuant to U.S.S.G. § 4B1.1(a). Hickman subsequently filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, but the trial court dismissed that motion in light of the collateral attack waiver of the plea agreement. The Sixth Circuit denied a Certificate of Appealability, concluding that Hickman knowingly and voluntarily executed the plea agreement and waiver. *United States v. Hickman*, No. 3:07-CR-77-01-H (W.D. Ky. 2007). The Sixth Circuit has twice denied Hickman permission to file second or successive motions under § 2255.

Hickman argues in his current petition that, following the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior convictions for first degree assault and trafficking in a controlled substance no longer qualify as predicate offenses to enhance his federal sentence. [Record No. 4-1 at 2-6] However, Hickman's petition will be denied because he waived his right to collaterally attack his conviction or sentence in his plea agreement, a waiver the Sixth Circuit has already concluded is valid and enforceable.

Such waivers apply to § 2241 proceedings. *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Even if this were not the case, Hickman's reliance upon *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), would be misplaced. A § 2241 petition may not be used to challenge a sentence, as opposed to a conviction. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). *Hill* created a singularly narrow exception to that rule, but limited that exception to sentences imposed under the mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *Id*. at 599-600. Hickman was sentenced in 2008, long after *Booker* was decided and under a discretionary guidelines regime. Therefore, he may not pursue his sentencing challenge under § 2241.

Hickman's claims are also without merit. With respect to his prior conviction for assault under Kentucky law, assault is not one of the four enumerated offenses in § 4B1.2(a)(2) and, therefore, *Mathis* has no application in determining whether that offense constitutes a "crime of violence." Rather – as the Sixth Circuit has already advised Hickman - his assault conviction constitutes a violent felony under the "use of force" clause found in § 4B1.2(a)(1). *In re: Hickman*, No. 15-6273 (6th Cir. 2016) (citing *United States v. Colbert*, 525 F. App'x

-3-

364, 368-70 (6th Cir. 2013), and *United States v. Knox*, 593 F. App'x 536, 537-38 (6th Cir. 2015)).

Likewise, Hickman's two Kentucky convictions for drug trafficking unquestionably qualify as "controlled substance offenses" under § 4B1.2(b). That section defines a "controlled substance offense" as one that prohibits the "manufacture, import, export, distribution, or dispensing of a controlled substance" or "possession of a controlled substance … with intent manufacture, import, export, distribute, or dispense." KRS § 218A.1412 tracks the language of § 4B1.2(b) closely: it prohibits "trafficking" in a controlled substance, which means to "manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell." KRS § 218A.010(55). The terms of both provisions are coextensive save for the addition of "sell" and "transfer" in the Kentucky statute, which connote nothing more than the "distribution" or "dispensing" in found in § 4B1.2(b). Thus, Hickman's drug trafficking convictions constitute "controlled substance offenses, " and the § 4B1.1 enhancement was properly applied. *United States v. Knox*, No. 11-60-DLB-EBA, 2016 WL 7320883, at *2-3 (E.D. Ky. Dec. 15, 2016); *Jones v. Holland*, No. 5: 13-66-GFVT, 2013 WL 11079776, at *1-2 (E.D. Ky. March 26, 2013).

Hickman's reliance on *United States v. Hinkle*, 832 F.3d 569, 575-76 (5th Cir. 2016), is also misplaced. Applying *Mathis*, the Fifth Circuit stated (without explanation) that Texas' drug trafficking statute, V.T.C.A. § 481.112(a), criminalizes a broader range of conduct than that described in § 4B1.2(b) and therefore cannot constitute a predicate offense. *Hinkle*, 832 F. 3d at 574-76. But critical to that conclusion was the fact that V.T.C.A. § 481.002(8) defines "delivery" of drugs to include an "offer to sell" them, *id*. at 572-73, broadening language that

is nowhere to be found in the Kentucky statute under which Hickman was convicted. Even if *Hinkle* were persuasive, it is plainly distinguishable on its facts.

In summary, Hickman's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Hickman's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. A corresponding judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 31st day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge